UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 14-170

PAUL CURTIS KISER,                                                    PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                                      DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits in February 2012, alleging disability beginning on December 6, 2011, due to "eyesight, left leg diabetes, hpb and heart conditions" (Tr. 161). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Aaron Morgan (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 11-19). Plaintiff was 56 years old at the time of the hearing decision. He has a 12th grade education (Tr. 161). His past relevant work experience consists of work as a iron worker, construction laborer and construction supervisor. *Id.*

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffers from diabetes mellitus and degenerative disc disease, which he found to be "severe" within the meaning of the Regulations (Tr. 13-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15).

The ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work but cannot climb ladders, ropes or scaffolds. (Tr. 15-18).

The ALJ further found that Plaintiff could return to his past relevant work as a construction supervisor and concluded that this job exists in significant numbers in the national and regional economies. (Tr. 18).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to characterize his vision as a "severe" impairment further erred in failing to include limitations in this regard in the RFC; (2) the ALJ failed to include postural limitations in the RFC; (3) the ALJ erred in concluding he could perform his past relevant work and (4) the ALJ's findings are not based upon the testimony of the VE.

### C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to characterize his vision as a "severe" impairment further erred in failing to include limitations in this regard in the RFC.

An impairment, or combination of impairments, is deemed "severe" if it "significantly limits one's ability to perform basic work activities." 20 C.F.R. §404.1520. A minimal effect is not enough. 20 C.F.R. §404.1521. The Court is mindful that the burden is upon the Plaintiff with regard to this issue. The Step 2 severity regulation has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to

4

screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863.

Plaintiff's right eye was injured with an arrow when he was child. However, the record establishes that he attended school through the 12th grade, took vocational welding classes, and was employed for many years, despite the right eye impairment (Tr. 17). Moreover, Plaintiff testified that he had a driver's license and had driven to the administrative hearing a distance of approximately 30 miles (Tr. 28). *See Blacha v. Sec'y of Health & Human Servs.,* 927 F.2d 228, 231 (6th Cir. 1990). As such, the problems with his right eye cannot be described as "significantly limiting his ability to perform basic work activities."

Plaintiff urges error by stating that the physicians, both examining and non-examining, found that his visual acuity was a severe impairment. Whether or not these physicians actually used the term "severe", it is the duty of the ALJ to make this determination, not a medical source.

As for Plaintiff's allegation that the ALJ did not consider his vision impairment when formulating the RFC, It is without merit. The ALJ determined Plaintiff's residual functional capacity between steps three and four, and, at that point, was required to consider his medically determinable impairments. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . ."). In his administrative decision, the ALJ specifically stated p that this was exactly what he did (Tr. 15-18; Finding No. 5).

Having reviewed the record, the Court finds no error at Step 2 of the sequential process.

Plaintiff's second claim of error is that the ALJ failed to include postural limitations in the RFC. However, the ALJ found that Plaintiff was subject to postural limitations in that he was precluded from climbing ropes, ladders, and scaffolds (Tr. 18). To the extent that Plaintiff suggests

that this evidence is open to another interpretation that favors his claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.).

Plaintiff also alleges the ALJ erred in concluding he could perform his past relevant work. Specifically, Plaintiff argues that his job as a construction supervisor as he performed it is inconsistent with the DOT. Plaintiff's argument has no merit. An ALJ may consider whether a claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy. *See* 20 C.F.R. § 404.1520; S.S.R. 82-62, 1982 WL 31386, *3; *see also* 20 C.F.R. §§ 404.1560(b)(2) ("We may use the services of . . . the 'Dictionary of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."). Further, an ALJ may use the DOT, published by the U.S. Department of Labor, at step four of the sequential evaluation to define past relevant work as usually performed in the national economy, *see* S.S.R. 82-62, 1982 WL 31386, *3; and the Commissioner may rely upon the DOT in making disability determinations at step four of the sequential evaluation. See S.S.R. 00-4p, 2000 WL 1898704, *2. The ALJ obtained vocational expert testimony in this instance only to establish the requirements of Plaintiff's past relevant work. The vocational expert relied upon the DOT in testifying that Plaintiff's past relevant

6

work as a construction supervisor, as typically performed in the national economy, was a light exertion job (Tr. 43). Thus, the ALJ properly found that the residual functional capacity Plaintiff retained was consistent with the demands of his past relevant work as generally performed, and that Plaintiff could perform that work. See 20 C.F.R. § 404.1520(e). The Court finds no error in this regard.

Finally, Plaintiff asserts that the ALJ's findings are not based upon the testimony of the VE. In this instance, the ALJ obtained vocational expert testimony in this instance only to establish the requirements of Plaintiff's past relevant work. The ALJ was not required to solicit testimony from the VE in reaching his conclusion that Plaintiff's could perform his past relevant work. *See* 20 C.F.R. § 404.1560(b)(2) ("We *may* use the services of vocational experts...to help us determine whether you can do your past relevant work" [emphasis added]). *See also, Wright-Hines v. Commissioner of Social Security*, 597 F.3d 392, 395 (6th Cir. 2010). Thus, Plaintiff's argument is unavailing.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 8th day of February, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge